UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM,

        Plaintiff,                        Case No. 1:12-cv-277

v.                                               Honorable Robert J. Jonker

DAN HEYNS et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Michael Gresham, a prisoner incarcerated at Ionia Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an extremely active litigant in this Court, having filed more than thirty civil actions. The Court has dismissed far more than three of Plaintiff's actions for failure to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* because he has three strikes. S*ee Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 12, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D Mich. Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Gresham v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

This is the tenth case filed by Plaintiff in the last three months in which he seeks to invoke the statutory exception for a prisoner who is under imminent danger of serious physical

injury. *See* 28 U.S.C. § 1915(g). The Sixth Circuit has recognized the standard previously adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception).

As in his numerous prior complaints, Plaintiff's complaint consists of a variety of sweeping assertions that he is in imminent danger, though he makes few specific factual allegations in support of his claim.[1] He names 38 Defendants, including the governor, departments of the state, officials of the central administration of the Michigan Department of Corrections, and officials at the Ionia Maximum Correctional Facility, including the warden, various mental health and other health care providers and custody staff. His allegations are consistent with the mental illness for

---

[1] The Court notes that the complaint purports to be brought on behalf of Plaintiff Gresham and another prisoner, James Caldwell, who Plaintiff Gresham describes as being mentally ill. Caldwell, however, did not sign the complaint, so he has not been listed as a plaintiff in this action. Further, the bulk of the allegations contained in the complaint involve Plaintiff Gresham. In light of Plaintiff Gresham's litigation history, the addition of allegations about prisoner Caldwell appears to be an attempt by Gresham to reduce his own responsibility for the filing fee.

which he alleges, in this and other complaints, he has been treated.[2]   The following excerpt from the beginning of Plaintiff's allegations provides an example of the form of his claims:

> This is A Joint Action Pursuant Fed. R. Civ. P. (24)  Plaintiff Gresham claims Involve Deputy Wardens Erica Huss Nanette Norwood holding him in 1 unit under Hostile conditions Enduring Assaults, sexual Assaults.  Food trays being Poisoned with toiletbowl cleaner being Deprived of showers.  Food trays, Razors medical callouts which also being housed in in a cell thats over 90° - 100° degrees causing heat seizures daily The Plaintiff has and continues to be called snitch by O.P.T. Applebaum, C. Gawge, Rutgers, Martin, C. King, Arus M. Barber ETAL In Front of other Prisoners and staff Endangering his life by creating a Character/view of Gresham As being A snitch to subject him to Predatory Actions Assaults Abuse by Staff and Prisoners bothe which Places him in Imminent Danger For The Serious risk of harm he States claims to Proceed I.F.P. Exception . . . .

(Compl., docket #1, Page ID#4 (verbatim).)   During the course of the complaint, Plaintiff claims that Defendants collectively have failed to provide him showers, food trays, and razors on unspecified occasions.  He further alleges that his food has been poisoned with toilet-bowl cleaner on unspecified occasions and by unspecified individuals.  Plaintiff asserts that Defendants Applebaum, Gawge, Rutgers, Martin, King, Barber and others all have called him a "snitch" and a "rat" in front of other staff and prisoners.  He asserts that all Defendants have retaliated against him for filing other lawsuits by failing to provide him legal materials and mishandling his legal mail, which he admits contained contraband medication.  Plaintiff alleges in passing that Defendants collectively are keeping him in a cell that gets between 90 and 100 degrees, allegedly causing him to experience daily heat seizures.  He also alleges that his mental health team – Defendants Applebaum, Moran, Houle Gawge, Jozilin, Okinin, Dozeman, Apol, and Troy – placed him on suicide observation strictly to prevent him from engaging in his legal actions.  In addition, Plaintiff

---

[2] In at least two prior actions, Plaintiff Gresham has, in rambling and disjointed complaints, alleged that he is unnecessarily being forcibly treated with psychotropic drugs.  *See Gresham v. Snyder et al.*, No. 2:12-cv-143 (W.D. Mich.); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich.)

- 5 -

alleges that, while taking him to the suicide-observation unit, Defendants King, Drabek, Martin, Ferguson and Rutgers "forced" him out of his cell, twisting his arms and calling him a snitch. (*Id.*) They then forced him to strip, and, during a body-cavity search, Defendant Ferguson allegedly pushed his flashlight into Plaintiff's anus. Plaintiff further claims that his personal property was destroyed, and he seeks a titanium footlocker and titanium combination lock to prevent future such actions.

Plaintiff's allegations of First Amendment retaliation, property theft, and interference with his right of access to the courts clearly do not implicate the imminent danger exception. Similarly, his allegations about the past use of allegedly excessive force by Defendants King, Drabek, Martin, Ferguson and Rutgers demonstrate only past danger, not imminent future danger of serious bodily injury. *Pointer*, 502 F.3d at 371 n.1.

In addition, while an officer's public statement that a prisoner is a "snitch" could in some cases place a prisoner at imminent risk of assault by other prisoners, this is not such a case. As Plaintiff himself acknowledges, he presently is housed in a suicide-observation cell, where he will have no physical contact with other prisoners and will be observed by staff at all times. *See* MICH. DEP'T OF CORR., Policy Directive 04.06.115 ¶¶ P, Q. As a result, even assuming that Plaintiff's conclusory allegation about the use of the word "snitch" were true, Plaintiff would be in no imminent danger of being assaulted by other prisoners.

Finally, Plaintiff's allegation that his cell is so hot that he gets daily heat seizures is conclusory. Plaintiff does not allege any additional specifics about his symptoms or existing health condition. He does not describe any medical need. Moreover, in his claim for relief, Plaintiff does not seek injunctive relief related to his health; he seeks only the return of his law books and other

personal property, together with a titanium locker to hold that property. Especially in the context of his litany of other claims, many of which are more minor but still more factually developed, the Court finds that his allegation that he is in imminent danger of serious bodily injury from heat seizures to be "conclusory," "ridiculous," *Ciarpaglini*, 352 F.3d at 331, and "wholly incredible," *Gibbs*, 160 F.3d at 967. Plaintiff's allegations about his overheated cell therefore do not warrant a grant of leave to proceed under the imminent-danger exception.

For all these reasons, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege credible facts establishing that he is in imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:    April 11, 2012              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**